**CV 13-5991**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ALEXANDER BOLTON,

                                    Plaintiffs,   **COMPLAINT AND**
                                                    **JURY DEMAND**
          -against-

THE CITY OF NEW YORK, POLICE OFFICER
PAMELA BENITES, SHIELD NO. 13086, AND JOHN   DOCKET #
DOE POLICE OFFICERS ##1-20,

                                                    ECF CASE
                               Defendants.

------------------------------------------------------------------ x

**WEINSTEIN, J.**

**BLOOM, M.J.**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an August 18, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, unlawful stop and search, false arrest and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Alexander Bolton is a citizen of the United States and at all times here relevant residing in the City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On August 18, 2012, at approximately 8:55 p.m., plaintiff was at a block party hosted by the Hancock Block Association on Hancock Street between Marcus Garvey Boulevard and Lewis Avenue in Brooklyn, NY.

12. Police officers entered the block party and arrested an attendee. People at the party were demanding to know why the person was arrested. Plaintiff was not involved in any way interacting with the police officers. Not wanting to be involved, he attempted to walk away from the scene and go home.

13. As he walked down the block, he was pushed from behind by police officers. He kept walking, just wanting to go home. He was pushed twice more, the third time resulting in plaintiff falling to the ground.

14. Defendant police officers then beat him about body and head, handcuffed him, and searched him, without reasonable suspicion or probable cause. He was booked at the police precinct and charged with various criminal charges. Approximately 24 hours after his arrest, he appeared before a judge of the Kings County Criminal Court, where all charges were adjourned in contemplation of dismissal. The charges were ultimately dismissed.

15. After being released, plaintiff obtained treatment for contusions and an abrasion to his face due to the defendant officers' assault.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to

3

the United Stated Constitution;

d. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

g. Physical pain and suffering: and

h. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from an unlawful stop, detention and search of his person, false arrest and false imprisonment, and use of excessive force, and due process of law, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST)

22. The above paragraphs are here incorporated by reference.

23. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of

liberty without probable cause.

24. There was no reasonable expectation of successfully prosecuting plaintiff.

25. Plaintiff was aware of his confinement and did not consent.

26. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

27. Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

### THIRD CAUSE OF ACTION
(FALSE IMPRISONMENT)

28. The above paragraphs are here incorporated by reference.

29. Defendants subjected plaintiff to false imprisonment, and deprivation of liberty when he was stopped, detained and searched without reasonable suspicion.

30. There was no reasonable expectation of successfully prosecuting plaintiff.

31. Plaintiff was aware of his confinement and did not consent.

32. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

33. Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

### FOURTH CAUSE OF ACTION
(ASSAULT)

34. The above paragraphs are here incorporated by reference.

35. By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

37. Plaintiff was damaged by defendants' assault.

## FIFTH CAUSE OF ACTION
(BATTERY)

38. The above paragraphs are here incorporated by reference.

39. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

40. Defendants used excessive and unnecessary force with plaintiff.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under common law, 42 USC §1983 and the New York State Constitution.

42. Plaintiff was damaged defendant's battery.

## SIXTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

43. The preceding paragraphs are here incorporated by reference.

44. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

45. As a result of defendants' tortious conduct in the course of their employment and in

furtherance of the business of defendant City of New York, plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

46. All preceding paragraphs are here incorporated by reference.

47. Defendants, by stopping, detaining and searching plaintiff without probable cause or reasonable suspicion, and acting under color of law, violated plaintiff's rights pursuant to §12 of the New York State Constitution.

48. A damages remedy here is necessary to effectuate the purposes of §12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

49. As a result of defendants' tortuous conduct, plaintiff was damaged.


WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:.     Brooklyn, New York
                October 23, 2013

TO:    New York City
       Corporation Counsel Office
       100 Church Street, 4th floor
       New York, NY 10007

Yours, etc.,

*[signature]*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com